

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2081
Re: Does the corporation in question operate "stores" or "bona fide distributing points" within the meaning of the Texas Chain Store Tax Act?

In requesting our opinion as to whether or not the establishments operated by the corporation in question are "stores" within the meaning of the Texas Chain Store Tax Statute, you present the following facts:

"A large corporation maintains warehouses over the State of Texas. The main office contacts concerns and sells merchandise to be called for at these different warehouses in the state, and this merchandise is sold on a contracted price basis. If such purchaser wishes to purchase a thousand items, the contract will read that such purchaser will receive a thousand items at a given price. If he purchases over a thousand items, he is to receive another price in a lower bracket, etc. The number of items to be purchased is not determined when this contract is executed.

"The purchaser who holds a contract with this corporation decides to make a purchase of merchandise, for which he has previously contracted, calls at these warehouses and loads such merchandise on trucks and signs an order slip for same. This order slip is sent to the main office by the warehouseman and the purchaser is charged with the merchandise. There are no cash sales made at these warehouses, as all sales are charged accounts, predetermined by contract and good credit rating."

You are apparently concerned with whether or not the warehouses operated by the corporation come within the exemption contained in Section 5 of Article 1111d, Vernon's Annotated Penal Code, which reads as follows:

"* * * * or any place or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture only; * * * *"

The above quoted exemption was fully discussed by the Commission of Appeals of Texas in the case of Hurt vs. Cooper, 110 S.W. (2d) 896. The court stated as follows, concerning the same:

"Exemption No. 5, applying to manufacturing concerns distributing products of their own manufacture, has been particularly singled out and attacked as being arbitrary. It is well to consider the exact language of that exemption. It is as follows: '* * * or any place or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture only. * * *'

"IN section 7 of the act (Vernon's Ann. P. C. art. 1111d) is found a definition of 'store'. It is as follows: 'The term "store" as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale.'

"The statute having defined the word, we are not concerned with its usual meaning. Under that definition a mercantile establishment at which goods, wares, or merchandise of any kind, except those exempted, are sold is a store and is taxable as such, and this even though it may also be a distributing point. Fox Case, supra. Conversely, a mercantile establishment at which no sales are made is not a store, and therefore not taxable. The test is whether sales of goods, wares, or merchandise are made at the place. The language of exemption 5 does not disclose a legislative intent to exempt any mercantile establishment at which sales of such commodities are made. * * * * *

"* * * * It may be that some manufacturing concerns maintain bona fide distributing points at which no sales are made, but from which they merely distribute at wholesale to their stores or at retail to purchasers from their sales agents. If so, such businesses would appear to be within the terms of this provision. Obviously they would not come within the affirmative operation of the statute as we have construed it, and therefore no express exemption was required to relieve them from the burden of the tax. But, if the Legislature desired to make that matter certain by adding exemption 5, it did not thereby imperil the statute, but merely added a surplus provision. We need not, however, indulge in any speculation on the subject of what businesses, if any, are included within the terms of this so-called exemption. Sufficient is it, we think, to observe that, had the Legislature intended to exempt businesses operated by manufacturing concerns engaged in selling their products, it would have employed more apt and exact language than that found in this provision. Had its intention been to exempt stores, why was the term 'bona fide' inserted, and why were they called distributing points? Why, also, was not the word 'sale' used instead of the word 'distribution'? The least that can be said is that the language is reasonably susceptible of the construction which we have given it. * * * *"

As stated by the court, the test is whether sales of goods, wares, or merchandise are made at the place. Therefore, if under the contract in question the sale of the merchandise is made at the warehouse, such place of business then becomes a store which is taxable under the Texas Chain Store Tax Act. If on the other hand the sales are made by the salesmen or agents of the corporation, and the warehouse is used as a bona fide distributing point and no sales are made at the same, then such place of business would be exempt under the Texas Act.

Under the facts submitted it is obvious that the salesman does not make the sale of the merchandise. The contract that the salesman signs with the dealer only sets the price of certain of the merchandise. Under the contract the dealer is not bound to buy any of the merchandise. He may, however, purchase as much as he pleases. The dealer is not bound to buy any specific type of merchandise. Therefore, when he goes to the warehouse and selects the types and quantity of merchandise he is purchasing,

that is where the actual sale of the merchandise takes place despite the fact that the price is predetermined.

You are, therefore, advised that under the facts submitted the corporation would be liable for a Chain Store Tax on the warehouses in question because sales of goods, wares, or merchandise are made at such places.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Billy Goldberg
Billy Goldberg
Assistant

BG:RS:wc

APPROVED MAY 29, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman